IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRADESOL GROUP LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>VPLUS CO., NGUYEN DUY HOAT, AND JOHN DOES 1-25,<br><br>*Defendants*. | Case No. 2:21-cv-00388-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is the Ex Parte Motion for an Order Authorizing Alternate Service of Process on Defendants filed by Plaintiff Tradesol Group Ltd. Dkt. No. 6. Plaintiff moves the Court for leave to effect alternative service on Defendants VPlus Co., Nguyen Duy Hoat, and John Does 1-25 under Fed. R. Civ. P. 4(f). *Id*. Specifically, the Plaintiff requests the Court to permit electronic mail service on the Defendants. *Id*. at 2. After due consideration, the Court **GRANTS-IN-PART** the motion.

### I.   BACKGROUND

Tradesol filed this action on October 18, 2021 seeking relief against the Defendants for operating websites that allegedly infringed Tradesol's copyrights and trademarks for its VCE Exam Simulator and ETE Exam Simulator products. *Id*. at 1.

Tradesol has made multiple attempts to locate the Defendants based on their websites. Tradesol first attempted to see if the Defendants listed their physical addresses on the WHOIS registry maintained by the Internet Corporation for Assigned Names and Numbers ("ICANN"); however, all of the physical addresses associated with the Defendants' websites were for third-party domain registry services, not the Defendants themselves. *Id*.

Tradesol also reviewed the website of each Defendant to determine if the websites disclosed any physical contact information. *Id.* at 3. Only three of the websites—vcecplus.com, exambypass.com, and vcetrainer.com[1]—listed a physical address, but all of the addresses were either false or unverifiable. *Id.* 3-4. For vceplus.com, this website is associated with VPlus Co. and the website listed a building located in Hong Kong. Tradesol called the contact number for the building and learned that VPlus Co. was not a tenant, nor did anyone at the building recall that VPlus Co. was ever a tenant. *Id.* at 3.

Next, exambypass.com listed an address and phone number for Kathy F. Sacheli, which the website identified as the point of contact for Exam Bypass. *Id.* The address was located in France, but upon Tradesol's investigation, a French shipping company called Sovereign France SARL, not Exam Bypass, was at the address listed on the website. Additionally, the number listed on Exam Bypass's website is not operational. *Id.* at 4. Thus, Tradesol has been unable to find a physical address for any of the Defendants.

Although Tradesol has no physical location information, most of the Defendants' websites provide a contact email address or online contact portal. *See id.* at 5 (listing each Defendant's website along with its corresponding email address or online contact portal if available). Tradesol asks this Court to enter an order authorizing service upon the Defendants via the online contact information contained in its motion. *Id.* at 13.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual,

---

[1] This website identified E.Conzept UG (haftungsbeschränkt) a German corporation; however, Tradesol has since filed a Stipulation of Dismissal as to E.Conzept. Dkt. No. 7. Therefore, the Court does consider whether to authorize alternative means of service as to this Defendant.

except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule (f)(3) provides that an individual in a foreign country may be served "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4 (f)(3).

### III.    ANALYSIS

Here, Defendants are potentially Hong Kong or French entities, which are both signatories[2] to the Hague Convention. *See* HCCH Members, https://www.hcch.net/en/states/hcch-members. Thus, if the Hauge Convention applies to the Defendants, Tradesol may not use alternative service under Fed.R. Civ. P. 4(f)(3). However, Tradesol argues it should be permitted to serve the Defendants via online contact information because (1) the Hague Convention does not apply and (2) the requested alternative service method comports with both Rule 4(f) and Due Process.

#### 1.    Hague Convention

The Hague Convention procedures are "mandatory if available at the place of service." *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 U.S. Dist. LEXIS 7566, *3 (E.D. Tex. Jan. 23, 2012) (quoting *Gramercy Ins. Co. v. Kavanagh*, 3:10-cv-1254, 2011 U.S. Dist. Lexis 50003, at *2 (N.D. Tex. May 10, 2011). "'[The Hague] Convention shall not apply where the address of the person to be served with the document is not known.'" *RPost Holdings*, 2012 U.S. Dist. LEXIS 7566 at *3 (quoting *Gramercy Ins. Co.*, 2011 U.S. Dist. Lexis 50003 at *2). Based on the evidence presented by Tradesol, it has been unable to determine a physical location for each Defendant despite its best efforts.

Based on all of the evidence presented by Tradesol, the Court finds that Tradesol has made good-faith efforts to comply with the Hague Convention by attempting to find a physical location for each Defendant. Because Tradesol cannot find a physical address for each Defendant, it cannot

---

[2] Hong Kong is served via China under the Hauge Convention. *See* https://www.hcch.net/en/states/hcch-members/details1/?sid=30.

serve the Defendants according to the Hague Convention. Thus, the Court finds that, under these facts, the Hague Convention is inapplicable and service of process under Rule 4(f)(3) is not prohibited by international agreement.

### 2. Rule 4(f) and Due Process

Effective service of process, through Rule 4(f)(3), must be consistent with procedural due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Due process requires that notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*

To show that the online contact information is reasonably calculated to provide notice, Tradesol sent informal notice of this action via the online contact information. Dkt. No. 6 at 6. Tradesol received replies from premiumvcex.com and vceoreteconvert.com, and although multiple websites did not respond, they did take down the allegedly infringing material. *Id.* Based on this, the Court finds that Tradesol has shown that the online contact information provides notice.

However, Tradesol's emails to testate.com, liketoconver.com, and etetest.com were returned as undeliverable, Dkt. No. 6 at 6 n. 6; website vcextopdf.com listed not contact information and has since the initiation of this suit shut down, *Id.* at 6 n. 7; and convertvcetopdf.com and pdfexamfiles.com are currently shut down for violating their hosting provider's terms of service. *Id.* at 6 n.8. As to these Defendants, Tradesol has failed to show that the online contact information is reasonably calculated to apprise these Defendants of the action and Tradesol has also failed to provide another means of contacting these Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED-IN-PART** as to the Defendants listed in Exhibit A to this motion. It is therefore **ORDERED** that Tradesol may serve these Defendants

through the online contact information also identified in Exhibit A. Upon completion of such alternative service, Tradesol shall file a Notice supported by a clear personal declaration as to the completion of such alternative service, together with supporting receipts and/or other relevant documents, all of which shall make clear the ways and means—together with the effective date—of such service upon the Defendants in Exhibit A. Tradesol is **GRANTED** 30 days following the entry of this Order to effect alternative service on the Defendants.

    **SIGNED this 6th day of January, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

| Defendant Website | Defendant's Email Address |
|---|---|
| Defendants VPlus Co. and Nguyen Duy Hoat, vceplus.com, vceguide.com | exams@vceplus.com, d853735@gmail.com, vceguide@gmail.com |
| vceguide.com | vceguide@gmail.com |
| freecram.com | Contact form at https://www.freecram.com/Home/Contact |
| certdatabase.net | certdatabase.net@outlook.com |
| ciscoforall.com | support@ciscoforall.com, ciscoforall2022@gmail.com |
| convertetetopdf.com | support@convertetetopdf.com, info@convertetetopdf.com, convertetetopdf@gmail.com |
| convertetetovce.com | support@convertetetovce.com, convertetetovce@gmail.com |
| downloadvcetopdf.com | support@downloadvcetopdf.com |
| ete2pdf.com | support@ete2pdf.com |
| eteconvert.com | support@eteconvert.com |
| etefile.com | support@etefile.com |
| etetopdf.com | support@etetopdf.com |
| etetovce.com | support@etetovce.com |
| examconvert.com | support@examconvert.com |
| premiumete.com | support@premiumete.com |
| premiumpdf.com | support@premiumpdf.com |
| premiumvcex.com | support@premiumvcex.com |
| vcetoete.com | support@vcetoete.com, vcetoete@gmail.com |
| pdftool.co, vce2pdfs.com, vceconvert.com | pdftool.co@gmail.com, orders@pdftool.co, orders@vceconvert.com |
| vceoreteconvert.com | support@vceoreteconvert.com |
| exambypass.com | support@exambypass.com |