IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRADESOL GROUP, LTD., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> VPLUS CO., et al., § <br> § <br> *Defendants*. § <br> § | Case No. 2:21-cv-00388-JRG-RSP |

## REPORT AND RECOMMENDATION

Plaintiff Tradesol Group Ltd. has moved for default judgment, an order of impoundment, and permanent injunction. Tradesol alleges that Defendants VPlus Co. and Nguyen Duy Hoat ("Defendants") have distributed infringing copies of Tradesol's copyrighted VCE Exam Simulator software, specifically the VCE Player Version 1.1.6. Tradesol alleges it has suffered actual damages resulting from Defendants' infringement and will be irreparably harmed if the Court does not order impoundment and destruction of the infringing copies of Tradesol's software in Defendants' possession and provide permanent injunctive relief to stop Defendants from resuming their infringing activities. As set forth below, the motion should be **GRANTED**.

### I.   BACKGROUND AND PROCEDURAL REQUIREMENTS

Plaintiff filed its Complaint against VPlus Co. and Nguyen Duh Hoat on October 18, 2021. (Dkt. No. 1.) Plaintiff alleges Defendants operate a network of exam dumpsites that provide practice certification exams, including Tradesol's copyrighted VCE Exam Simulator software. (Mot. at 1-2; *see also* Dkt. No. 23-1 VCE Exam Simulator Copyright Registration Certificates.)

A copy of the Summons and Complaint were delivered to Defendants by February 4, 2022. (Dkt. No. 16.) Nonetheless, Defendants have not answered or appeared in this case. On March 7,

2022, the Clerk administratively entered default against Defendants. (Dkt. No. 18.) Subsequently, Plaintiff requested and was granted a temporary restraining order which was converted to a preliminary injunction. (*See* Dkt. No. 32.) Plaintiff then filed this Motion for Default Judgment. (Mot.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the procedural requirements related to the entry of default and default judgment. Although default judgments are generally disfavored, the policy against default judgments is "counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *In re Chinese–Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)). A default judgment becomes appropriate "when the adversary process has been halted because of an essentially unresponsive party*.*" *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten*, 788 F.3d at 496 (quoting *Nishimatsu Const. Co.*, 515 F.2d at 1206). Thus, mere default by a defendant does not necessarily warrant a default judgment, as a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Const. Co.*, 515 F.2d at 1206. Instead, a plaintiff's complaint must supply "an adequate foundation" for the default judgment.

*Wooten*, 788 F.3d at 497. To determine whether a complaint is "well-pleaded" in the default judgment context such that it serves as a sufficient foundation for a default judgment, the complaint must provide the defendant with "fair notice" of the claim. *Wooten*, 788 F.3d at 498–99. However, the allegations in the complaint need not be sufficient to survive a motion to dismiss under Rule 12. *Wooten*, 788 F.3d at 498 n.3 ("[A] defendant ordinarily must invoke Rule 12 in order to avail itself of that rule's protections. . . . Accordingly, as a default is the product of a defendant's inaction, we decline to import Rule 12 standards into the default-judgment context.").

When determining whether to grant a motion for default judgment, courts in this Circuit consider relevant factors, including "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Finally, before entering default judgment, a court should evaluate whether it has jurisdiction over the parties to the case as well as the subject matter of the case. *See Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir.1986)).

### III. ANALYSIS

#### a. JURISDICTION

As to subject matter jurisdiction, this Court clearly has jurisdiction over civil actions regarding copyright infringement. 28 U.S.C. § 1338.

This Court also has personal jurisdiction over the parties to this suit. Plaintiff alleges personal jurisdiction is found based on specific jurisdiction from Defendants' operation of certain websites distributing the infringing material. (Mot. 8-9.) "Where the plaintiff alleges specific jurisdiction, as here, due process requires (1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).

Plaintiff alleges minimum contacts are found under the *Zippo* framework third category: "(1) where a website is nothing more than a passive advertisement, the court must decline to exercise personal jurisdiction; (2) where a website facilitates contractual relationships and the knowing and repeated transmission of computer files over the internet, personal jurisdiction is proper; and (3) where a website falls somewhere in between, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the website." *Shippitsa Ltd. v. Slack*, No. 3:18-CV-1036-D, 2019 WL 3304890, at *4 (N.D. Tex. July 23, 2019) (citing *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).

Plaintiff alleges Defendants' websites are highly interactive. In particular, Plaintiff contends the websites operate in a three tier system with a first tier of free websites advertising and linking to tier 2 paid websites offering "premium exam files" for sale. (Mot. at 4.) The tier 2 sites direct users to the tier 3 download site instructing users on how to use the downloaded files. (*Id*. at 4-5.)

Plaintiff further alleges it purchased and downloaded the pirated software itself from Defendants' websites from locations in Texas. (Mot. at 10.) Beyond its own purchase, Plaintiff

points to web traffic analytics demonstrating some 36,000 downloads in the United States. (*Id*. at 10-11.) From this, Plaintiff contends it is reasonable to assume roughly 3,000 of these downloads occurred in Texas based on population data. (*Id*. at 11.)

Plaintiff contends its copyright claim arises from Defendants' contacts with Texas because it is the downloadable material that infringes its copyright. (Mot. at 12.)

Plaintiff further contends the exercise of jurisdiction here is fair and reasonable. (*Id*.) Plaintiff contends that minimum contacts being found, "the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" (*Id*. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).)

The Court finds that Plaintiff has alleged facts that establish Defendants have such minimum contacts with this district such that the exercise of personal jurisdiction is appropriate.

### b. DEFAULT JUDGMENT

Default judgment against Defendants is appropriate in this case. Plaintiff, in its Complaint, alleges sufficient facts to provide Defendant with "fair notice" of the claim against it. See *Wooten*, 788 F.3d at 498–99 (noting that a complaint need only provide "fair notice" to be sufficient to support a default judgment). Plaintiff alleges that it owns all rights in the registered copyrights for "VCE Exam Simulator Designer Version 1.1.6," "VCE Exam Simulator Player Version 1.1.6," and "VCE Exam Simulator Classes Version 1.1.6" (Compl. ¶¶20-21.) and that Defendants operate websites that infringe these copyrights (Compl. ¶¶21-24). Taken as true, the well-pleaded facts alleged in the Complaint suffice to give Defendant "fair notice" of the claim against it.

Accordingly, the Court finds it appropriate to enter default judgment against Defendants. First, no material issues of fact are at issue in this case because the well-pleaded allegations regarding Defendant's liability are taken as true. See *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th

Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default."). Second, as discussed above, the grounds for default judgment have been clearly established. Defendants received service, but did not make an appearance to defend against Plaintiff's allegations. Third, nothing in the current record indicates that Defendants' default was caused by a good faith mistake or excusable neglect. Fourth, Plaintiff has suffered substantial prejudice because Defendants' failure to appear has effectively halted the adversary process by which Plaintiff seeks to vindicate its copyright. Fifth, the Court does not find Plaintiff's well supported damages model, permanent injunction, and impoundment excessively harsh in light of Plaintiff's showing. Plaintiff's damages model includes modest estimates and appropriate discounts. Plaintiff's injunction and impounding requests are not harsh as in light of Plaintiff's showing, Defendants have no right or interest in continuing to infringe Plaintiff's copyright. Finally, the Court is not aware of any facts that would cause the Court to set aside a default judgment if Defendant so moved. Accordingly, when considering the relevant factors, the Court finds that Plaintiff's request for default judgment should be **GRANTED**.

## IV. RELIEF SOUGHT

Plaintiff's Motion requests a permanent injunction, damages, and an impoundment and destruction of the infringing copies of the VCE Player. (Mot. at 18-27.)

### a. INJUNCTIVE RELIEF

The Court has already entered a temporary restraining order upon a showing Plaintiff was likely to succeed on the merits of its copyright infringement claim, the injunction was necessary to prevent irreparable harm to Plaintiff, the harm outweighs any damages caused by injunctive

relief, and the injunctive would not disserve the public interest. (*See* Dkt. No. 26.) Later, the Court converted this temporary restraining order into a preliminary injunction. (*See* Dkt. No. 32.)

Now that the Court has found that Plaintiff has succeeded on the merits of its copyright infringement claim by default, the Court is of the opinion that Plaintiff's request for a permanent injunction against Defendant should be **GRANTED**.

### b. DAMAGES

Plaintiff requests actual damages for copyright infringement in the form of a lost license fee. (Mot. at 16.) Plaintiff, through expert declarations, has demonstrated a lost license fee damages model in the amount of $1,300,303 in accordance with its request in its complaint. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") Plaintiff's expert declarations establish a price per user of $47.99, an estimated number of downloads between 16,085 and 68,151 for one website and 1,134 and 3,402 for another website, further finding 36,637 and 2,160 to be the appropriate estimate. (Mot. at 19-20.) Plaintiff's experts then applied a tiered volume-based discount to find a total damages number of $1,300,303. (*Id*. at 20-21.) Plaintiff has established through mathematical calculation supported by detailed expert declarations damages it has suffered in the amount of $1,300,303.

In light of this showing, Plaintiff's request for a damages judgment in the amount of $1,300,303 should be **GRANTED**.

### c. IMPOUNDMENT

Pursuant to 17 U.S.C. §503 "[a]t any time while an action under this title is pending, the court may order the impounding, on such terms as it may deem reasonable … of all copies …

claimed to have been made or used in violation of the exclusive right of the copyright owner … [a]s part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." Having found Defendants infringed Plaintiff's copyright, the Court finds that Plaintiff's request for impoundment and destruction of the infringing material should be **GRANTED**.

### V.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Default Judgment and Permanent Injunction and Attorney Fees (Dkt. No. 8) should be **GRANTED** and it is recommended that Judgment be entered as prayed for at Dkt. No. 34-4 at 4-6.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); see also *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 12th day of June, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE